IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO MENA JR., #33615-177 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-3065-D-BK |
| | § | (3:05-CR-171-D-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to carjacking and using or carrying a firearm during a crime of violence, and was sentenced to 257 months' imprisonment and a 3-year term of supervised release. *United States v. Mena*, 3:05-CR-171-D-1 (N.D. Tex. Jan. 4, 2006). On August 6, 2013, seven and one-half years after his conviction, Petitioner filed this section 2255 motion. (Doc. 1). Relying on the Supreme Court's recent decision in *Alleyne v. United States*, ___U.S. ___, 133 S. Ct. 2151 (Jun. 17, 2013), Petitioner alleges his trial counsel was ineffective for failing to object to judicial fact findings that resulted in an enhanced sentence. (Doc. 1 at 8-9).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *cf. Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas

petitions under 28 U.S.C. § 2254). Accordingly, pursuant to court order, Petitioner responded regarding the applicability of the one-year statute of limitations to this case. (Doc. 4).

## II. ANALYSIS

Under section 2255(f)(3),[1] the limitations period is measured from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd v. United States*, 545 U.S. 353, 358-359 (2005) (holding that if the Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision within which to file his motion to vacate). However, section 2255(f)(3) applies only if that right has been (1) "newly recognized by the Supreme Court" and (2) "made retroactively applicable to cases on collateral review." *Id.* at 358. The retroactivity determination can be made by the Supreme Court as well as a lower court. *See United States v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001) (holding that had Congress intended that the retroactivity determination under section 2255(3) be limited to the Supreme Court, the statute would have explicitly provided so).

Relying on section 2255(f)(3), Petitioner asserts the one-year limitations period did not commence until June 2013, when the Supreme Court announced its decision in *Alleyne*. In *Alleyne,* the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. 133 S. Ct. at 2155. However, the Supreme Court resolved *Alleyne* on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.

---

[1] Sections 2255(f)(1)-(2) and (4) are inapplicable here, as Petitioner does not base his limitations argument on the finality of his conviction, a government created impediment, or the date on which the facts supporting his claim could have been discovered.

2013) (addressing retroactivity of *Alleyne* in context of a successive 2255 motion under 28 U.S.C. § 2255(h)(2)).  Indeed, "*Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000)," and the Supreme Court has previously "decided that other rules based on *Apprendi* do not apply retroactively on collateral review."  *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin,* 542 U.S. 348 (2004)).

Moreover, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review.  *Teague v. Lane*, 489 U.S. 288, 310-311 (1989).  While there are two exceptions to *Teague*, *Alleyne* falls within neither of them.  *See Schriro*, 542 U.S. at 351-352 (summarizing *Teague*'s non-retroactivity rule).  *Alleyne* did not announce a new "substantive" rule, that is, it did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment.  *Id*. at 352.  In addition, the rule announced in *Alleyne* does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding."  *Id.* (internal quotation marks and citations omitted).  Therefore, *Alleyne* does not apply retroactively.  *See Simpson,* 721 F.3d at 876 (holding that, in context of a successive collateral attack, *Alleyne*'s new rule is not likely to be found retroactively applicable by the Supreme Court); *In re Payne*, ___ F.3d ___, 2013 WL 5200425 (10th Cir. Sept. 17, 2013) (same).

Because this Court also concludes that *Alleyne*, like *Apprendi*, does not apply retroactively on collateral review, section 2255(f)(3) is inapplicable here, and Petitioner's section 2255 motion is clearly outside the one-year statute of limitations.

Although the Court gave Petitioner an opportunity to present arguments in support of equitable tolling, his response is silent as to its applicability.  (Doc. 3, 4).  Nevertheless, even

liberally construing his pleadings to request equitable tolling, such a claim is unavailing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing).  This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").  In addition, neither unfamiliarity with the law nor *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED October 18, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE